IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TIMOTHY KEOKI CARROLL,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case no.1:07-CR-00003 DB |

   Before the Court is Defendant's motion to suppress evidence obtained by the government while executing a search warrant.

   In August 2006, Officer Ryan Reid, a Detective with the Roy City Police Department assigned to the Weber Morgan Narcotic Strike Force, received information that the Defendant was selling large quantities of methamphetamine.

   From August 2006 to January 4, 2007, Officer Reid performed surveillance at the Defendant's home and observed that when the Defendant brought his two garbage cans to the street to be emptied, he took them down the street to a neighbor's house rather than placing them in front of his own house. Officer Reid also noted that the Defendant installed three video cameras around the home; the cameras faced the street, a driveway adjacent to the east of the home, and the back yard of his residence. Officer Reid observed that the cameras did not appear to have been installed by a professional, and that the Defendant was renting and had no property outside. Finally, during night-time hours, the Defendant would turn on numerous "flood" lights that surrounded the home and illuminated the entire property.  Officer Reid stated that, as a result of his years of experience, the things he observed suggested that the use and sale of narcotics may have been taking place at the Defendant's home.

   On January 4, 2007, at approximately 2:30 a.m., Officers with the Ogden Police Department were called to the Defendant's home on a domestic violence complaint between the Defendant and his

girlfriend, Trisha Martinez.  Responding officers arrested the Defendant and notified Officer Reid of the arrest.  When Officer Reid arrived at the scene, he interviewed Ms. Martinez and explained to her the drug complaint he had received a few months before and the suspicious things he had noticed in the past.  Ms. Martinez stated that she and the Defendant did use methamphetamine and that the Defendant had used the drug as recently as a few hours prior to his arrest.  Officer Reid then asked Ms. Martinez if there were narcotics or drug paraphernalia inside the home.  Ms. Martinez told Officer Reid that there were drugs and paraphernalia, verbally gave permission to allow Officer Reid to search the home, and signed a "consent to search" form.

During the search, Officer Reid found methamphetamine residue and drug paraphernalia in the basement living room.  Officer Reid also found numerous gun cleaning kits, but no guns in the home of the Defendant, who is a convicted Felon.  Officer Reid then stopped the search and relayed the above information to a magistrate judge, who issued a search warrant that same day.

Defendant now moves for an order suppressing the evidence obtained by the government while executing the search warrant, claiming the evidence was illegally obtained in violation of his rights under the Fourth Amendment to the United States Constitution.  The Defendant alleges that the initial consent to search his residence was invalid and the subsequent search was therefore illegal. Defendant claims that his girlfriend, Trisha Martinez, did not reside at his home and therefore could not consent to a search of his home.  Defendant also claims that Ms. Martinez is prepared to dispute Officer Reid's statement that he obtained consent from her, despite the statement she signed.  The Defendant requests an evidentiary hearing to enable the Court to determine which version of events is more credible.

When a defendant requests an evidentiary hearing to challenge the contents of an affidavit on which a search warrant was based

> [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should

>point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

Franks v. Delaware, 438 U.S. 154, 171-72 (1978).

If the Court accepts as true Defendant's claim that Ms. Martinez did not live at Defendant's home and did not have authority to consent to a search, and therefore disregards all the evidence discovered during the consent search, the evidence supporting the issuance of a search warrant remains formidable.  The Defendant does not dispute that Ms. Martinez told Agent Reid that she and the Defendant used methamphetamine, that Ms. Martinez stated that the Defendant had used methamphetamine as recently as a few hours prior to his arrest, and that Ms. Martinez stated that there were narcotics and drug paraphernalia in the Defendant's residence.  Added to Ms. Martinez's admissions are Officer Reid's observations over several months of surveillance of behavior consistent with drug use and trafficking.  There was ample evidence to support a search warrant without the evidence of which Defendant complains, so an evidentiary hearing, even if its results favored Defendant, would make no difference to the outcome of Defendant's motion to suppress. There is, accordingly,  no need for an evidentiary hearing in order to resolve Defendant's motion to suppress, which is hereby DENIED.

IT IS SO ORDERED.

DATED this 28th day of August, 2007.

                                                   Dee Benson
                                                   United States District Judge